# ORPHANS' COURT PROCEDURAL RULES COMMITTEE
# ADOPTION REPORT

## Amendment of Pa.R.O.C.P. 10.5

On January 12, 2022, the Supreme Court amended Pennsylvania Rule of Orphans' Court Procedure 10.5 governing the notice given by the personal representative to beneficiaries and intestate heirs. The Orphans' Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process as it relates to Pa.R.O.C.P. 10.5. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

The Committee received correspondence regarding the requirement in Rule 10.5 that "the personal representative to whom *original* letters have been granted" send written notice of estate administration to a list of beneficiaries and intestate heirs set forth in the rule. (Emphasis added.) The correspondent questioned if "original" was intended to denote "initial" letters, since all letters issued by a register of wills are original letters. The correspondent further inquired whether a successor personal representative is required to provide notice of estate administration if the initial personal representative failed to do so or provide notice of the change in personal representatives to the interested persons.

The Committee agreed that estate beneficiaries and intestate heirs should receive notice of estate administration from a successor personal representative. Requiring successor personal representatives to notify interested persons of the change in representative ensures the recipients are aware of the change and know from whom they should expect future information. Thereafter, the Committee proposed amending Rule 10.5(a) to eliminate the word "original" with respect to the granting of letters to clarify that any personal representative granted letters must send the notice of estate administration. The Committee also proposed amending the Note to Rule 10.5 to clarify that the notice requirement applies to all personal representatives, including successor personal representatives. *See* 51 Pa.B. 1651 (March 27, 2021).

Based on a comment received in response to the publication, the Committee made changes to the proposal. First, the Committee revised proposed Rule 10.5(a) to eliminate the phrase "to whom original letters have been granted" relative to the personal representative – the phrase is superfluous insofar as a personal representative will always be someone to whom letters have been granted. The Committee further revised proposed Rule 10.5(a) to require notice to interested parties "whenever there is a change in personal representative," regardless of whether revised letters have been issued. This may occur in some judicial districts upon the death or resignation of a co-executor. The Committee also made corresponding changes to the Note.

Finally, Rule 10.5(e) was amended to clarify that the Register shall provide notice of failure to file timely the certification to each personal representative and their counsel, rather than simply "the delinquent" personal representative. The amendment more accurately describes the procedure when there is more than one personal representative.

These amendments become effective April 1, 2022.